UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

-vs-                                              Case No. 3:23-CR-37-01

NINA DARLING,                          District Judge Thomas M. Rose

    Defendant.

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION
TO REVOKE DETENTION ORDER**

This matter is before the Court on Defendant Nina Darling's Motion to Revoke Detention Order Pursuant to 18 U.S.C. §3145 (Doc. No. 44), in which the Defendant requests this Court release her on bond allowing her to live with her mother in Utah pending trial. Beginning on February 15, 2024, with testimony concluding on February 23, 2024, Defendant Darling's motion was heard in open court. Defendant Darling contends that Magistrate Judge Caroline Gentry erred by ordering that she be detained pending trial. (Doc No. 14 at Page ID 56). In particular, she disputes the Magistrate Judge's finding that she did not sufficiently rebut the presumption of detention arising from 18 U.S.C. §3142(e)(3)(E), for a violation of Chapter 2251(a)(e) and that "no condition or combination of conditions set forth in 18 U.S.C.§ 3142(c) will reasonably assure Defendant's appearance as required by the Court and the safety of other persons and the community."

**I.    LEGAL STANDARD**

When a rebuttable presumption arises, Defendant "must introduce at least some

evidence" that she does not pose a risk of flight or danger to the community to rebut the presumption of detention. *Stone,* 608 F.3d at 945 (internal quotation and citation omitted). However, always, the government bears the burden of persuasion. Even if the presumption is rebutted, the Court must consider it when deciding whether to detain the defendant prior to trial. *See Stone,* 608 F.3d at 945 (explaining that "[t]he presumption remains as a factor because it is not simply an evidentiary tool" but also "reflects Congress's substantive judgement that particular classes of offenders should ordinarily be detained prior to trial.")

In addition to considering a rebuttable presumption that applies, the Court must also consider: (1)the nature and circumstances of the offense charged, " including whether the offense is a crime of violence, a violation of [18 U.S.C. §1591], a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device,"(2) the weight of the evidence of risk of flight or dangerousness (not guilt), Stone, 608 F.3d at 948; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be prosed by the defendant's release. 18 U.S.C. §3142(g)

## II. ANALYSIS

For the reasons stated below the Court finds that the Government has met its burden of proving by a clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, if Defendant is released. Therefore, the Court denies the Defendant's Motion to Revoke Detention Order (Doc. No. 14 at Page ID 56).

### A. Rebuttable Presumption

Based upon the record before the Court, including the Affidavit attached to the

Complaint, the Court finds that there is probable cause to believe that Defendant committed one or more offenses listed in 18 U.S.C. §3142 (e)(3)(E). Therefore, a rebuttable presumption of detention applies in this case.

Although Defendant's burden of producing evidence to rebut the presumption is not heavy, she "must introduce at least some evidence" that she does not pose a risk of danger to the community. U.S. v. Stone, 608 F.3d 939, 945 (6th Cir. 2010) (internal quotations and citations omitted). The Court finds that Defendant did not provide evidence sufficient to rebut the presumption of detention.

The Court admitted Defendant's exhibits which included interviews of Defendant, a Curriculum Vitae of Darrell Henthorn, as well as recordings of jail calls between Defendant and Co-Defendant John Brickhouse. Defendant also called three witnesses Kim Allred, Dallas Brickhouse, and Darrell Henthorn.

Kim Allred, Defendant's mother, testified that Defendant lived with her for most of her 27 years prior to moving to Ohio. She believed Defendant had a maturity level of a 13- or 14-year-old. She was aware of an internet relationship between Defendant and a John Brickhouse. However, Allred didn't know a lot about that relationship or John Brickhouse, with the exception that he had been in prison. She was concerned about the relationship, Defendant's decision to move to Ohio and her vulnerability. However, during her residency at Allred's house, Allred, until after the fact, knew nothing of Defendant's alleged involvement in child pornography, contacts by law enforcement, and that her boyfriend, John Brickhouse was a registered sex offender. After the move to Ohio, Allred had no knowledge of any of the Defendant's activities. Allred, although she knew very little about Defendant's alleged activity in Utah or Ohio, testified she believes that Defendant would not violate the law unless influenced or directed by John

Brickhouse.

Next, Dallas Brickhouse, John Brickhouse's brother testified, although he knew very little about the allegations, that he believed his brother orchestrated the plan and Defendant would have had nothing to do with it.

Finally, Darrell Henthorn, a jail-based therapist at the Shelby County Jail, testified that Defendant was low functioning and that he believed the behavior she is accused of would not have been something that she would have ever initiated on her own. However, as with the other witnesses, Mr. Henthorn only knew the information provided by the Defendant and was not aware of many of the other factual allegations.

Therefore, the Court finds that based upon the exhibits admitted and the testimony previously summarized the Defendant did not provide evidence sufficient to rebut the presumption of detention.

### B.    Nature and Circumstances of the Offense

Child pornography is a form of child sexual exploitation. The Court has seen a significant rise in the distribution of child pornography, the number of images being shared online and in the level of violence associated with child exploitation and sexual abuse crimes. In this case Defendant allegedly participated in persuading, inducing, enticing, or coercing a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct or transmitting a live visual depiction of the conduct. Specifically, Defendant, allegedly engaged in a conspiracy to coerce a 13-year-old child to produce child pornography. The Government presented exhibits of the transcripts of Defendant's alleged persuading and coercion.

Accordingly, the Court finds that the nature and circumstances of the charged offense weigh heavily in favor of detaining Defendant prior to trial.

### C. Weight of Evidence of Risk of Dangerousness

The Government has proven by clear and convincing evidence that Defendant poses a significant risk to the community. As discussed, there is significant evidence that Defendant has been a coconspirator in creating child pornography. It is also of significant note, that Defendant did not heed the warning of the police in Utah to cease her activity. The Court therefore finds that the evidence of dangerousness weighs in favor of detaining Defendant prior to trial.

### D. Defendant's History and Characteristics

The Defendant has no criminal history. However, as discussed previously, she was allegedly involved in activity related to pornography in Utah, while living with her mother. On two occasions deputies from the Carbon County Sheriff's Department visited Defendant, based upon communication from the National Center for Missing and Exploited Children, apprising her to cease her activity. Allegedly, she continued her activity, culminating in the present charges. Taken together, the seriousness of her alleged activity and her failure to heed prohibitions and warnings provides concerning evidence of dangerousness. Therefore, this factor weighs in favor of detention.

### E. Nature and Seriousness of Danger to the Community

In this case, the nature and seriousness of the danger posed to the community is shown by the continued efforts, by the Defendant, to coerce and or groom the 13-year-old to engage in the sexually explicit conduct. The tendency to see online child sexual coercion or grooming as somehow less serious or damaging than offline offenses, in this Court's opinion, is wrong. The psychological trauma is profound, and the exchange of words and images is about and through sexual acts. The increase of sexual abuse and exploitation cases online testifies to how groomers' power abuse and sophisticated tactical armory create a confusing inter-actional context for

children and constitute a major challenge. The conduct of the Defendant's charged offense poses an extreme danger to the community, especially the youth. Therefore, this factor also weighs heavily in favor of detention.

### III. CONCLUSION

After weighing all evidence admitted and relevant factors, the Court finds that no condition or combination of conditions set for in 18 U.S.C. § 3142(c) will reasonably assure the safety of others and the community. Therefore, the Court **DENIES** Defendant's Motion to revoke Detention Order (Doc. No. 44) and **ADOPTS** the Magistrate's Judge's Decision and Detention order, in total.

**DONE AND ORDERED** in Dayton, Ohio, this 29th day of March 2024.

Judge Thomas M. Rose
United States District Court